IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| EUGENE HORTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:10cv85-WC |
| | ) | (WO) |
| J.A. KELLER, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, filed on February 1, 2010. (Doc. No. 1.)

### I.  BACKGROUND

The petitioner, Eugene Horton ("Horton"), is currently incarcerated at the Federal Prison Camp in Montgomery, Alabama, serving a 91-month sentence, imposed upon him in 2005 by the United States District Court for the Eastern District of North Carolina, upon his conviction for possession with intent to distribute cocaine and possession of a firearm in relation to a drug trafficking crime.  In his petition, Horton claims that the Federal Bureau of Prisons ("BOP") has failed to properly consider the mandated statutory criteria in determining the duration of his placement in a residential reentry center ("RRC") for the final portion of his federal sentence, in violation of the Second Chance Act.

In compliance with this court's orders, the respondent has filed an answer in which he argues that (1) Horton's habeas petition is not ripe for court review, because at the time

he filed his petition, he was not close enough to the end of his sentence to qualify for consideration for placement in an RRC under the Second Chance Act and the BOP had made no determination regarding his RRC placement; and (2) even if Horton were eligible for consideration for placement in an RRC at the time he filed his petition, he has not exhausted administrative remedies with respect to his claims. (Doc. No. 13.) In response, Horton has filed a traverse. (Doc. No. 16.)

## II.   DISCUSSION

By his petition, Horton seeks to have the BOP consider him for placement in an RRC for the final portion of his sentence, for the maximum amount of time allowed, pursuant to the authority of the Second Chance Act of 2007.

The Second Chance Act amended 18 U.S.C. §§ 3621(a) and 3624(c). Pursuant to the Second Chance Act, the BOP staff is required to review inmates for RRC placement 17-19 months before their projected release date, and inmates are to be individually considered using the five factors listed in § 3621(b). When he filed his petition, on February 1, 2010, Horton's projected release date was January 18, 2012. At that time, Horton was not close enough to the end of his sentence to qualify under the Second Chance Act for consideration for placement in an RRC for a portion of the remainder of his sentence. Consequently, Horton's case is not ripe for review.

## III.   CONCLUSION

Accordingly, the court concludes that the 28 U.S.C. § 2241 petition for habeas corpus

relief filed by Horton should be dismissed without prejudice.

A separate final judgment will be entered.

Done this 9th day of June, 2010.

/s/Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE